IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UCB INC., UCB BIOPHARMA SRL, HANANJA EHF and UNIVERSITY OF ICELAND, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 21-1229 (JLH) |
| CIPLA LIMITED and CIPLA USA INC., | ) ) | **PUBLIC VERSION** |
| Defendants. | ) ) ) | Confidential Version Filed: November 20, 2023<br>Public Version Filed: November 27, 2023 |

**PLAINTIFFS' UNOPPOSED MOTION TO SEAL
AND TO REDACT PORTIONS OF TRIAL TRANSCRIPT**

Pursuant to Federal Rule of Civil Procedure 5.2 and this Court's policy on the electronic availability of transcripts of court proceedings, Plaintiffs UCB, Inc. and UCB Biopharma SRL, Hananja EHF and University of Iceland (collectively, "Plaintiffs") respectively move this Court for an Order sealing the October 2, 2023 (D.I. 148) and October 4, 2023 (D.I. 150) trial transcripts and redacting certain portions of those transcripts that reference Plaintiffs' highly confidential and competitively sensitive business information. Plaintiffs filed a Notice of Intent to Redact on November 6, 2023 (D.I. 153).

Plaintiffs' requested redactions to D.I. 148 are attached hereto as Exhibit A, which is a full version of the October 2, 2023 trial transcript with Plaintiffs' proposed redactions highlighted. Plaintiffs' requested redactions to D.I. 150 are attached hereto as Exhibit B, which is a full version of the October 4, 2023 trial transcript with Plaintiffs' proposed redactions highlighted. Redacted copies of the October 2, 2023 and October 4, 2023 transcripts with applied redactions consistent with the highlighting in Exhibits A and B are attached hereto as Exhibits C and D, respectively. Counsel for Plaintiffs conferred with counsel for Defendants prior to filing this motion and

understand that Defendants intend to file a separate motion to redact the October 2, 2023 and October 4, 2023 transcripts. Redacted copies of the October 2, 2023 and October 4, 2023 transcripts containing both Plaintiffs' and Defendants' requested redactions are attached hereto as Exhibits E and F, respectively. Pursuant to D. Del. LR 7.1.1, Plaintiffs raised the subject of this motion with counsel for Defendants, and Defendants stated they have no objections to Plaintiffs' proposed redactions and do not oppose Plaintiffs' motion.

## I.  LEGAL STANDARD

"The public has a common law right of access to judicial proceedings and records," but the presumption in favor of public access "is not absolute." *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507 (D. Del. 2012); *see also In re Avandia*, 924 F.3d 662, 672 (3d Cir. 2019) (citation omitted) ("The presumption of access is just that, and thus may be rebutted."). Federal Rule of Civil Procedure 26(c)(1)(G) gives courts the authority to protect "trade secret or other confidential research, development, or commercial information." As the Supreme Court has acknowledged, "courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing." *Nixon v. Time Warner Comm., Inc.*, 435 U.S. 589, 598 (1978).

The party seeking protection must demonstrate good cause, which can be established by a showing that the "disclosure will work a clearly defined and serious injury to [that party]." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (internal citation omitted); *see also Avandia*, 924 F.3d at 671; *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). In determining whether good cause exists, "courts weigh the harm of disclosing information against the importance of disclosure to the public." *Mosaid*, 878 F. Supp. 2d at 508 (citing *Pansy*, 23 F.3d at 787). "[I]f a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality."

*Pansy*, 23 F.3d at 788. Courts have recognized that "where both the public interest in access and the private interest in non-disclosure are strong, partial or redacted disclosure [may] satisfy both interests." *Willingham v. Ashcroft*, 355 F. Supp. 2d 390, 391 (D.D.C. 2005) (quoting *United States v. Hubbard*, 650 F.2d 293, 324-25 (D.C. Cir. 1980)).

Courts routinely hold that confidential and sensitive business information is the type of information that should be protected from public disclosure. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential information may be protected from disclosure."); *Intellectual Ventures LLC v. AT&T Mobility LLC*, C.A. No. 12-193-LPS, 2014 WL 4445953, at *4 (D. Del. Sept. 8, 2014) (granting unopposed motion to redact portions of a discovery dispute conference transcript as the "proposed redactions involve confidential and sensitive business information of the type that should be protected from public disclosure").

## II. PLAINTIFFS HAVE GOOD CAUSE FOR REDACTION OF THEIR CONFIDENTIAL INFORMATION

Plaintiffs only seek to redact the portions of the trial transcript that contain confidential and competitively sensitive business information regarding Plaintiffs' business agreements, financial projections, and business strategy that was disclosed during the portions of trial when the courtroom was sealed. The proposed redactions are narrowly tailored and allow the vast majority of the trial transcript to be made public. Plaintiffs therefore respectfully request that the Court exercise its power to seal in order to protect Plaintiffs from harm that would be caused by disclosure.

### A. Public Disclosure of Plaintiffs' Confidential Information Would Harm Plaintiffs.

Plaintiffs have limited their proposed redactions to only the portions of the October 2, 2023 (D.I. 148) and October 4, 2023 (D.I. 150) trial transcripts that contain confidential and

competitively sensitive business information that must be protected from public disclosure in order to prevent serious harm to Plaintiffs.

In D.I. 148, Plaintiffs seek to redact only thirteen lines during which counsel for Cipla discussed the content of Plaintiffs' financial projections. *See* Ex. A at 41:15-42:2. If this confidential financial information were publicly disclosed, Plaintiffs' competitors would unfairly benefit from the disclosure and could use this information to discern Plaintiffs' strategic plans, which would enhance their ability to compete or negotiate against Plaintiffs or otherwise cause Plaintiffs to lose their competitive advantage in the highly competitive pharmaceutical industry. Disclosure of this financial information would also risk irreparable harm to Plaintiffs' business relationships.

Plaintiffs' proposed redactions in D.I. 150 similarly include forty-six lines of testimony regarding the contents of Plaintiffs' financial projections. *See* Ex. B at 665:4-5, 665:10-13, 666:1, 666:4-10 (testimony from expert Dr. Hugh Smyth); 739:1-2, 739:6-7, 739:14, 740:15, 740:17, 740:19, 740:23-741:1, 741:16-17, 742:10-12, 742:14, 742:16-17, 742:20, 742:22-23, 743:1, 743:3-4, 744:8-10, 744:12-14 (testimony from deposition witness Dr. Anna Lisa Picciolo-Lehrke).

Plaintiffs' remaining proposed redactions of fifty-two lines in D.I. 150 are necessary to protect Plaintiffs' confidential and competitively sensitive business agreements and business strategy plans/presentations from disclosure. *See* Ex. B at 745:19-20, 745:23-24, 746:6-7, 746:9-17, 746:20-21, 748:11-14, 748:18-23, 748:25-749:1, 749:3, 749:6, 749:8-9, 749:14, 749:19-20 (testimony discussing corporate acquisition strategy presentations); 747:9-13 (testimony discussing business strategy plan); 750:8-9, 750:12-13, 750:16-17, 750:19 (testimony discussing terms of asset purchase agreement); 752:3-6 (testimony discussing terms of licensing agreement). Public disclosure of this information would unfairly benefit Plaintiffs' competitors and harm

4

Plaintiffs' competitive standing and business relationships. Specifically, competitor access to Plaintiffs' business and corporate acquisition strategies would disadvantage Plaintiffs in negotiations and cause Plaintiffs to lose their competitive advantage against both potential acquisition targets and competitors for potential acquisitions. Competitor access to the terms of Plaintiffs' asset purchase and licensing agreements would similarly disadvantage Plaintiffs in negotiations and the pursuit of future business relationships, as well as harm Plaintiffs' standing in current business relationships.

Accordingly, public disclosure of this confidential business information would threaten Plaintiffs' competitive standing and work a serious injury to Plaintiffs, including, but not limited to, financial damage, damage to business relationships, and other irreparable harm. *See Cendant Corp.*, 260 F.3d at 194. The redactions requested by Plaintiffs, which protect the type of information that should be protected from public disclosure, are warranted. *See Avandia*, 924 F.3d at 679 (cleaned up) ("To be sure, courts may permissibly seal judicial records where they are sources of business information that might harm a litigant's competitive standing.").

### B. The Harm to Plaintiffs Outweighs Any Public Interest in the Information Plaintiffs Seek to Redact.

In the context of Plaintiffs' narrowly tailored redactions, the presumption of public access is heavily outweighed by the serious injury Plaintiffs would suffer in the event that their highly confidential and sensitive business information becomes publicly available. *See Avandia*, 924 F.3d at 672. As noted above, Plaintiffs' proposed redactions are limited to testimony and argument regarding confidential business agreements, financial projections, and business strategy. There is "little legitimate public interest" in the disclosure of Plaintiffs' business agreements, financial projections, and business strategy in this case involving private litigants. *See Pansy*, 23 F.3d at 788

("[I]f a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality.").

Moreover, the public interest in access to the judicial proceedings in this case will not be unduly restricted, as the proposed redactions are narrowly tailored and limited to only a small fraction of the trial transcript (approximately the equivalent of four total pages in a transcript totaling over nine hundred pages). The vast majority of the trial transcript would remain unredacted and be available in the public record such that the public will still be able to follow and understand the dispute between the parties. Accordingly, both the public interest in access and the strong private interest in non-disclosure here can be satisfied by redacted disclosure. *See Willingham*, 355 F. Supp. 2d 390 at 391.

**III.  CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court grant this motion and seal the October 2, 2023 (D.I. 148) and October 4, 2023 (D.I. 150) trial transcripts and order that the redacted versions attached hereto as Exhibits E and F be docketed as the public versions of these transcripts.

|  |  |
|---|---|
| OF COUNSEL:<br><br>George F. Pappas<br>Kaveh V. Saba<br>Melissa Keech<br>John Y. Veiszlemlein<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth Street NW<br>Washington, DC  20001-4956<br>(202) 662-6000<br><br>Alexa Hansen<br>Charles Hall<br>COVINGTON & BURLING LLP<br>Salesforce Tower<br>415 Mission Street, Suite 5400<br>San Francisco, CA  94105-2533<br>(415) 591-6000<br><br>Yiye Fu<br>COVINGTON & BURLING LLP<br>3000 El Camino Real<br>5 Palo Alto Square, 10th Floor<br>Palo Alto, CA  94306<br>(650) 632-4700<br><br>November 20, 2023 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>/s/ *Megan E. Dellinger*<br>_____<br>Jack B. Blumenfeld (#1014)<br>Megan E. Dellinger (#5739)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>mdellinger@morrisnichols.com<br><br>*Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 20, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Kenneth L. Dorsney, Esquire<br>Cortlan S. Hitch, Esquire<br>MORRIS JAMES LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE  19801<br>*Attorneys for Defendants Cipla Limited and Cipla USA Inc.* | *VIA ELECTRONIC MAIL* |
| Anil H. Patel, Esquire<br>Adam S. Berlin, Esquire<br>K&L GATES LLP<br>1000 Main Street, Suite 2550<br>Houston, TX  77002<br>*Attorneys for Defendants Cipla Limited and Cipla USA Inc.* | *VIA ELECTRONIC MAIL* |
| Harold Storey, Esquire<br>Jenna Bruce, Esquire<br>K&L GATES LLP<br>925 Fourth Avenue, Suite 2900<br>Seattle, WA  98104<br>*Attorneys for Defendants Cipla Limited and Cipla USA Inc.* | *VIA ELECTRONIC MAIL* |
| Peter L. Giunta, Esquire<br>K&L GATES LLP<br>599 Lexington Avenue<br>New York, NY  10022<br>*Attorneys for Defendants Cipla Limited and Cipla USA Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Megan E. Dellinger*

Megan E. Dellinger (#5739)